UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-82182-CIV-SINGHAL/MATTHEWMAN

SCOTT MASCIO,

    Plaintiff,

v.

XPO LOGISTICS EXPRESS, LLC, and
KIMBERLY SANDERS,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Strike or Limit Testimony of Dr. Rajeen Naidoo M.D. (DE [36]).  Plaintiff seeks to recover damages for injuries he alleges he sustained in a motor vehicle collision. The collision occurred in November 2018. In May 2019, orthopedic surgeon Rajeen Naidoo, M.D. ("Dr. Naidoo") examined Plaintiff, who complained of bilateral shoulder pain, low back pain, and pain in his neck. Dr. Naidoo took a medical history and reviewed an MRI of the shoulders taken three weeks earlier. (DE [52] Ex. 3). Plaintiff disclosed Dr. Naidoo's expected testimony in a Rule 26(a)(2)(C) disclosure.

Dr. Naidoo is expected to testify about Plaintiff's medical care and treatment, diagnosis, present and future limitations and restrictions, and whether Plaintiff's alleged injuries are permanent. In addition, Dr. Naidoo is expected to testify that the shoulder injuries Plaintiff sustained, the surgeries Dr. Naidoo performed, and Plaintiff's future limitations and medical treatment are causally related to the motor vehicle collision. (DE [36] Ex. 2).

Defendants argue first that Dr. Naidoo should be entirely precluded from testifying but offer no basis for excluding him as a witness. Nor is the Court aware of any ground for excluding Dr. Naidoo entirely. Certainly Dr. Naidoo is qualified and competent to testify about his physical findings and treatment of Plaintiff. Defendants argue, however, that Dr. Naidoo's testimony about the cause of Plaintiff's injuries must be excluded because they do not comply with the admissibility requirements of Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

Dr. Naidoo is a treating physician who treated Plaintiff well before this suit was filed and, as such, is a hybrid witness. Physicians who form their causation opinions may offer them at trial if they are "sufficiently related to the information disclosed during the court of Plaintiff's treatment." *Torres v. First Transit, Inc.,* 2018 WL 3729553, at *3 (S.D. Fla. Aug. 6, 2018); *Britt v. Wal-Mart Stores East, LP,* 2022 WL 1115624, at *3 (S.D. Fla. Apr. 14, 2022). Dr. Naidoo took a medical history, reviewed MRI scans, examined Plaintiff, and conducted three shoulder surgeries. His causation opinions are related to and are based upon his treatment of Plaintiff and supported by his decades of experience as an orthopedic surgeon. He is permitted to offer his opinions regarding causation of Plaintiff's shoulder injuries. *Id.*

Defendants argue that Dr. Naidoo failed to use a differential diagnosis to establish the cause of Plaintiff's injuries and, therefore, his testimony is unreliable. But although a differential diagnosis is recognized as a valid scientific method, it is not a requirement for admissibility. *Sampson v. Carnival Corp.,* 2016 WL 7377226, at *4 (S.D. Fla. 2016); *Grimes v. Sysco Corp.,* 2021 WL 2547651, at *4-5 (N.D. Ga. Jan. 21, 2021). Dr. Naidoo's causation opinions are directly related to information learned in Plaintiff's treatment and, therefore, are sufficiently reliable. Defendants argue that Dr. Naidoo failed to review

medical records that existed before the accident and failed to review the dash cam video of the accident. Those are not disqualifying facts, but they are facts that can be addressed on cross examination.

Defendants categorize Dr. Naidoo's opinions as being based solely on temporal proximity and are, therefore, unreliable. But this case differs significantly from that presented in the Eleventh Circuit's unpublished opinion in *Cooper v. Marten Transp., LTD,* 539 Fed. Appx. 963 (11th Cir. 2013). There, the district court did not permit the plaintiffs' treating physicians to testify that their patients' back problems were exacerbated by a 2010 automobile accident. The record also revealed that the plaintiffs had preexisting degenerative disease, were obese, and had an earlier car accident in 2009. *Id.* at 966. The doctors concluded that because the plaintiffs did not manifest their specific injuries or need for surgery until after the 2010 collision, the 2010 collision was the cause of their injuries. *Id.* at 967. The appellate court affirmed and noted that the doctors' conclusions were not reliable because they did not have a method for ruling out the other possible causes of the injuries. *Id.* By contrast, in this case, there is no evidence of prior, pre-existing injuries. Furthermore Dr. Naidoo obtained a direct look at the injuries during surgery that led him to label them as acute injuries. As Plaintiff's treating physician, Dr. Naidoo offers testimony that is based upon reliable evidence and is not a "post hoc ergo propter hoc" fallacy. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Strike or Limit Testimony of Dr. Rajeen Naidoo, M.D. (DE [36]) is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of June 2023.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF